## ALDAG v. OTT.

[No. 3,570.    Filed April 1, 1902.]

APPEAL AND ERROR.—*Complaint.*—*Evidence Not in Record.*—The material averments of a complaint will be presumed to have been proved on an appeal from a judgment thereon, where the evidence is not in the record. *p. 543.*

LANDLORD AND TENANT.—*Negligence.*—*Injury to Tenant from Defective Premises.*—A landlord employed a workman to make repairs upon leased premises. The workman broke a board in a floor over which the tenant and her family had frequent occasion to pass, and proposed to replace it, but was told by the landlord to go on with his work, that he would fix it. The landlord neglected to repair it, and the tenant, in the exercise of due care, and without notice of the danger, stepped upon the broken board and was injured. *Held*, that the landlord was liable. *pp. 542, 543.*

From Marion Superior Court; *J. L. McMaster*, Judge.

Action by Olive Ott against August Aldag for damages on account of personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. O. Ritter* and *C. A. Dryer*, for appellant.
*J. R. Wilson* and *M. M. Townley*, for appellee.

ROBY, J.—Appellee rented a house and lot from the appellant; she paid one month's rent and took possession; before the expiration of the month she discovered that the privy vault was directly connected with the family cistern; she requested appellant to clean the vault and cistern which he did; the persons doing the work "fractured" a board in the woodhouse floor over which appellee and her family had frequent occasion to pass, thereby rendering the place dangerous and unsafe. One of the workmen proposed to replace the board with a new one, but appellant told him to.

go about his work, and said that he would see to the broken board himself. He gave no further attention to it, and six days later appellee stepped on the fractured board, which broke under her weight, causing her to fall and break her leg above the ankle. She had no notice of the danger or defect and was in the exercise of due care. The foregoing facts are extracted from a multitude of averments contained in the complaint. Appellee had a verdict for $600, upon which judgment was rendered. The material facts averred in the complaint are therefore presumed to have been proved, no attempt being made to bring the evidence before this court.

The relative duty of landlord and tenant with regard to making repairs upon the leased premises is not involved herein. The appellant entered upon the premises and whether he could have been compelled to do so or not is immaterial. He did enter and while there prepared a pitfall by reason of which appellee's limb was broken. He had a license to be upon the premises; his presence was for a laudable purpose, namely, the removal of a nuisance. He had no license to do the thing on account of which appellee received her injuries, and in that regard stands exactly as any other wrongdoer. Whether he hired men to remove the nuisance and paid them by the day or by the job is unimportant. The thing on account of which he becomes liable was an affirmative and wrongful act of his own. The workman breaking the board may have done so unavoidably; he at least was proceeding to replace it. Appellant adopted the act as his own and refused to permit the repair. He took no steps to prevent injury, and thereby became responsible for the condition. Because of his negligent acts and omissions the woman was severely injured. According to the elemental principles of law he is liable for the resulting damages.

Judgment affirmed.