## HOWREY v. FARM LAND INVESTMENT COMPANY.

[No. 10,128.   Filed November 21, 1919.   Rehearing denied January 27, 1920.]

1. INJUNCTION.—*Contract to Manage Farm on Working Interest.— Threats to Dispose of Stock and Products.—Interest of Third Party.—Pleading.—*A complaint for injunction against a manager, under contract to share profits equally, of a stock and dairy farm, averring the insolvency of such manager and threats by him to dispose of the stock and products and that he would do so unless enjoined, to the irreparable damage of the owner, states a cause of action, and especially as against a third party averred

to be claiming some interest in the property and made a party defendant merely to answer as to any interest she might claim. p. 340.

2. APPEAL.—*Searching Record.*—The Appellate Court will not search the record to reverse a case. p. 342.

3. APPEAL.—*Questions Presented.*—*Motion for New Trial.*—*Briefs.* —No question is presented for consideration upon a motion for new trial where appellant's brief fails to show that it was filed in time. p. 342.

4. APPEAL.—*Record.*—*Bill of Exceptions.*—*Time for Filing.*—*Evidence.*—The evidence is not in the record when the bill of exceptions is filed at a term following the overruling of the motion for new trial, and no extension of time for such filing has been granted. p. 342.

5. APPEAL.—*Finding.*—*Evidence Not in Record.*—*Presumptions.*— Where appellant fails to bring the evidence into the record, material facts averred in the complaint are presumed to have been proved. p. 343.

6. CHATTEL MORTGAGES.—*Lack of Title in Mortgagor.*—*Ineffective Against Owner.*—Where one in possession as manager, but without any ownership, of a farm and live-stock and products thereon, mortgaged such live-stock, the mortgage was without force so far as the real owner of the property was concerned. p. 343.

From Warrick Circuit Court; *Herdis F. Clements,* Special Judge.

Action by the Farm Land Investment Company against Mary Howrey and another. From a judgment for plaintiff, the named defendant appeals. *Affirmed.*

*James W. Davis,* for appellant.

*Caleb J. Lindsey,* for appellees.

NICHOLS, P. J.—This action by appellee Farm Land Investment Company was against appellee Mike Gager and appellant, Mary Howrey. The complaint is in one paragraph and in substance, as far as is necessary for this decision, recites that appellee Farm Land Investment Company, hereinafter mentioned as the investment company, and

appellee Mike Gager entered into a contract, by the terms of which contract said Gager was to live on a certain farm owned by the appellee investment company in Warrick county, Indiana, and do all the labor necessary for the cultivation of the farm and to care for the stock that might be put on the farm by the investment company. The investment company was to stock the farm with milch cows for the operation of a dairy and to furnish the money necessary therefor and said Gager was to do the work thereon and deliver the products of such dairy to the market, and they were to share the profits equally. By the terms of the contract all stock and crops on the farm were to be the property of the investment company. At the time of the commencement of the action there was a crop of corn and of cow peas and certain stock on said farm, all of which was the property of the investment company, and said Gager, who was notoriously insolvent, was refusing to comply with the contract and threatening to dispose of the stock and products and would do so unless enjoined by the court, greatly to the irreparable damage of the investment company. It was averred that notice could not be given to said Gager of the proceedings for the restraining order and for the appointment of a receiver, for the reason that said Gager would dispose of the property to the irreparable damage of the investment company.

Appellant, Mary Howrey, was claiming some interest in the property and was made a party to answer to any interest which she might have. There was a prayer that a restraining order be issued, and for the appointment of a receiver to take charge of the property and to dispose of it according to law. Appellant filed a demurrer to the complaint, which was

overruled, and thereupon filed an answer in two paragraphs.

There is such confusion in the record as to make it difficult to state the case which appellant attempts to present. It appears that afterward an amended complaint was filed, to which appellant and Gager filed a demurrer, which was overruled, but, as appears by appellee's brief, the cause was finally submitted upon the original complaint and the answers thereto, together with a cross-complaint which was filed by appellant. It appears by the cross-complaint of appellant that said Gager had executed to her a chattel mortgage upon the live stock located upon said farm and mentioned in the complaint. There were divers motions and pleas in abatement filed by appellant and said Gager in the course of making the issues, but we do not need, for the purposes of this decision, consider them. The complaint and the amended complaint, which in its facts is similar to the complaint, each state a cause of action, and certainly so far as the appellant is concerned—for she is only a party to the complaint to answer as to any interest she may claim in the controversy—appellant's demurrer to the complaint and her demurrer to the amended complaint were properly overruled.

The real question in this case is the ownership of the property mentioned in the complaint. When this is determined no other question need be considered. 2-4. There was a trial and general finding in favor of the investment company and against appellant and said Gager. Appellant filed her motion for a new trial, which was overruled, after which this appeal. It does not appear by the brief, which we assume to be a correct statement of the record and which this court will not search to reverse

a case, when the judgment was rendered against appellant or when her motion for a new trial was filed. We are therefore unable to determine whether her motion was filed within the thirty days allowed by statute. The motion for a new trial was overruled March 30, 1917, at which time appellant did not ask for an extension of time within which to file her bill of exceptions; and it appears by the record that no extension of time was ever given to her.

The motion was overruled at the February term of the Warrick Circuit Court. Thereafter, an July 9, 1917, which was at the May term of said court, appellant filed what purports to be a bill of exceptions containing the evidence. It is hardly necessary for the court to say that the motion for a new trial presents no question for our consideration, and, even if it did, the evidence is not in the record, and therefore will not be considered.

Appellant having failed to bring the evidence before the court, material facts averred in the complaint are presumed to have been proved. *Aldag* v. *Ott* 5-6. (1902), 28 Ind. App. 542, 63 N. E. 480. One of the material facts averred in the complaint is that the appellee Farm Land Investment Company was the owner of the property described in the complaint, and by its general finding the court has so found the fact of ownership. This fact having been established, appellee Gager did not own the property described in the complaint, and therefore had no right to execute a mortgage thereon to the appellant, and her mortgage is without force so far as the appellee Farm Land Investment Company is concerned.

We find no substantial error in the record, and, even if there were any, the appellant is not harmed thereby. The judgment is affirmed.